# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00019-CV

**Empower Texans, Inc. and Michael Quinn Sullivan, Appellants**

**v.**

**The State of Texas Ethics Commission; Natalia Luna Ashley, in her Capacity as Executive Director of the Texas Ethics Commission; Tom Ramsay, Individually and in his Capacity as Commissioner; Steven P. Wolens, Individually and in his Capacity as Commissioner; Hugh C. Akin, Individually and in his Capacity as Commissioner; James T. Clancy, Individually and in his Capacity as Commissioner; Wilhelmina R. Delco, Individually and in her Capacity as Commissioner; Mary K. Kennedy, Individually and in her Capacity as Commissioner; Chad M. Craycraft, Individually and in his Capacity as Commissioner; and Charles G. Untermeyer, Individually and in his Capacity as Commissioner, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. D-1-GN-14-001252, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the trial court's denial of an application for a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (permitting interlocutory appeal of order that refuses temporary injunction). Empower Texans, Inc. and Michael Quinn Sullivan (collectively, Empower Texans) sued the State of Texas Ethics Commission; Natalia Luna Ashley, Executive Director of the Texas Ethics Commission; and the Commissioners of the Texas Ethics Commission (collectively, the Commission)[1] alleging causes of action arising out of the

---

[1] Pursuant to Rule 7.2 of the Texas Rules of Appellate Procedure, current Commissioners Steve P. Wolens, Mary K. Kennedy, and Chad M. Craycraft have been automatically substituted for the former officeholders, Paul Hobby, Warren T. Harrison, and Robert K. Long, as appellees.

Commission's investigation of two sworn complaints filed with the Commission in April 2012.[2]

In its petition, Empower Texans sought to quash subpoenas the Commission had issued pursuant to its investigation of the sworn complaints. Empower Texans also sought declaratory relief related to the Commission's authority to pursue its investigation and alleged that the Commission's actions had violated its right to due process under the United States and Texas Constitutions. *See* U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19. Empower Texans further alleged that the Commission's investigation was a violation of its civil rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and sought the relief authorized by 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983. Empower Texans included in its petition the following request for injunctive relief:

> Plaintiffs respectfully move the Court to grant them injunctive relief, against the Commissioners and the TEC, including, but not limited to, a temporary restraining order, preliminary injunction and permanent injunction restraining the enforcement of the subpoenas issued by the TEC.
>
> Plaintiffs move this Court to issue a protective order and quash the TEC subpoenas and/or Order as provided by the Texas Government Code. *See* Tex. Gov't Code Ann. § 571.137(d) (West).[3]

In its prayer for relief, Empower Texans requested that the trial court issue a protective order and quash the subpoenas, make a number of declarations regarding provisions of the Texas Election

---

[2] The sworn complaints included allegations of violations of certain reporting and related requirements contained in Title 15 of the Texas Election Code. *See* Tex. Elec. Code chs. 251-58 (regulating political funds and campaigns).

[3] This section provides that a respondent to a subpoena issued by the Texas Ethics Commission has a right to quash the subpoena "as provided by law." *See* Tex. Gov't Code § 571.137(d).

Code and Empower Texans's conduct, declare that the Commission's investigation "without the adoption of procedural rules" violated Empower Texans's due process rights, award monetary damages, costs, and attorneys' fees, and "grant such other relief as Plaintiffs may be just and equitable [sic], whether in equity or in law."

Empower Texans noticed a hearing on its motion to quash the subpoenas and its request for injunctive relief. At the hearing, Empower Texans essentially argued that the sworn complaints did not contain allegations that could supply any legal basis to justify the Commission's investigation and, consequently, the Commission should be enjoined from continuing its investigation of those complaints pending a final judgment in the case. Empower Texans also asked the trial court to quash the subpoenas. The Commission countered that a temporary injunction was not available because Empower Texans was not seeking relief beyond quashing the subpoenas, which it argued was a dispute about the scope of discovery and did not provide a basis for additional injunctive relief.

After the hearing, Empower Texans filed a proposed order with the court that contained a proposed finding that "[Empower Texans] has suffered and will continue to suffer a continual harassment by [the Commission] of a potentially never ending onslaught of subpoenas and investigative efforts without any such notice as to what is being investigated." The injunctive relief set forth in the proposed order was that the Commission be "enjoined from issuing any further subpoenas or investigatory requests [] in the Texas Ethics Commission cause numbers SC3120485 and SC3120486 until a final judgment is entered in this case." The proposed order also contained language granting a protective order that would have directed the Commission to refrain from

3

issuing any further subpoenas or investigatory requests in cause numbers SC-3120485 and SC-3120486 and quashing the subpoenas. The trial court did not sign this proposed order but instead signed an order that denied Empower Texans's motion for protective order, motion to quash, and application for temporary injunction. Empower Texans then filed a notice of interlocutory appeal, which stated that it desired to appeal the "Order denying a temporary injunction against [the Commission]." *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).

While the interlocutory appeal was pending, the Commission voted to dismiss sworn complaints SC-3120485 and SC-3120486. On October 13, 2016, the Commission signed an order of dismissal of both sworn complaints. As a result, the Commission asserts that the interlocutory appeal of the trial court's denial of Empower Texans's request for temporary injunctive relief is now moot. We agree. Empower Texans sought to have the trial court enjoin the Commission from issuing subpoenas and investigating sworn complaints SC-3120485 and SC-3120486 pending a final judgment. The trial court denied the request, and this interlocutory appeal challenges that ruling. The Commission has now dismissed both sworn complaints and thereby ceased the investigatory efforts Empower Texans sought to enjoin. Consequently, this appeal seeks to obtain a judgment on a controversy that no longer exists and is therefore moot. *See Camarena v. Texas Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (mootness doctrine dictates that courts avoid rendering opinion that does not decide controversy that is "live" at time decision is made).

Empower Texans asserts that the interlocutory appeal is not moot because "there remains a live dispute between the parties—specifically, whether [the Commission's] morph-into-a-PAC theory is compatible with the Constitution." Empower Texans is correct that this disputed

4

issue remains pending as part of the underlying case in the trial court, but not as part of this interlocutory appeal. In an interlocutory appeal of an order granting or denying a temporary injunction authorized by section 51.014(a)(4) of the Texas Civil Practice and Remedies Code "the merits of the underlying case are not presented for appellate review." *Davis v. Huey*, 571 S.W.2d 859, 861 (Tex. 1978). "Appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order." *Id.* at 862. Thus, the only issue before this Court is whether the trial court abused its discretion by refusing to enjoin the Commission from further investigating the sworn complaints to preserve the status quo pending a trial on the merits. That issue became moot when the Commission dismissed the investigation. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (case becomes moot when controversy ceases to exist because issue presented is no longer "live").

Empower Texans also maintains that the dispute between it and the Commission falls within the "capable of repetition yet evading review" exception to the mootness doctrine. *See Lara*, 52 S.W.3d at 184 (capable of repetition yet evading review exception to mootness doctrine applies in rare circumstance in which challenged action was too short in duration to be fully litigated before action ceased or expired and reasonable expectation exists that same complaining party will be subjected to same action again). The merits of Empower Texans's dispute with the Commission are not, however, before the Court in this interlocutory appeal, which is limited to reviewing the trial court's refusal to enjoin an investigation that is no longer ongoing. Moreover, the underlying proceeding is still pending in the trial court. Even were we to assume that this exception to

5

the mootness doctrine applies, judicial review of the Commission's activities giving rise to Empower Texans's claims must take place first in the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("Though its origins are obscure and its rationale has varied over time, the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." (citations omitted)).

Because the Commission's dismissal of sworn complaints SC-3120485 and SC-3120486 renders the question of whether it should be temporarily enjoined from investigating those complaints pending a trial on the merits moot, we dismiss this interlocutory appeal for lack of subject-matter jurisdiction.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed for Want of Jurisdiction

Filed:   November 22, 2016